IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S.N. CO., INC. | : | CIVIL ACTION |
| v. | : | |
| AMERICAN EXPRESS COMPANY | : | NO. 68–463 |

## PRETRIAL ORDER

BECKER, J.

NOW, September 27th 1971, after pretrial hearing, IT IS ORDERED that:

1. All claims asserted in the Complaint based upon alleged violations of the Robinson Patman Act, the Clayton Act and the Federal Trade Commission Act are hereby dismissed.

2. The trial of this case will commence before the Court (trial by jury having been waived) on a date to be set by the Court (hereafter the "trial date"). Upon the completion of plaintiff's case, the trial shall be adjourned until a date approximately four weeks thereafter, to be set by the Court (hereafter the "adjourned trial date"), at which time defendant shall commence the presentation of its case.

3. The Standing Order of this Court pertaining to pretrial conferences in certain cases, a copy of which has been given to counsel, is hereby made applicable to this case in two stages: the first stage to precede trial of the plaintiff's case, and the second stage to precede trial of the defense as set forth in the preceding paragraph of this Order.

4. With respect to the first stage, plaintiff shall file and serve its proposed final pretrial order on or before October 5, 1971 and defendant shall submit by December 15, 1971 a reply thereto setting forth its agreement with, or refutation of, plaintiff's proposals as to: (1) uncontested facts; (2) the qualifications of expert witnesses; (3) the authenticity and admissibility of plaintiff's exhibits; and (4) the contested issues of fact and law.

5. The parties shall be prepared for final pretrial conference in connection with the trial of the plaintiff's case on or after December 15, 1971.

6. With respect to the second stage, defendant shall file and serve its proposed final pretrial order within two weeks after conclusion of trial of plaintiff's case; plaintiff, within two weeks thereafter, shall submit a reply thereto setting forth its agreement with, or refutation of, defendant's proposals as to: (1) uncontested facts; (2) the qualifications of expert witnesses; (3) the authenticity and admissibility of defendant's exhibits; and (4) the contested issues of fact and law.

7. The term "exhibits", as used in the Court's Standing Order, for purposes of this action, shall be deemed to include statistical summaries, schedules, computations, tables which the parties intend to offer, including source material upon which such exhibits are based.

[s] Edward R. Becker

BECKER, J.